CARMEN HILDA PIRIS RODRÍGUEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 1218. Submitted November 3, 1947.—Decided December 2, 1947.

*Carlos E. Colón* for appellant. The registrar appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Guillermo Piris Rivera, of legal age, unmarried and appellant Carmen Hilda Piris Rodríguez, his daughter of thirteen years of age, appeared before Notary Carlos E. Colón, for the purpose, the former of making and the latter of accepting, a purely gratuitous gift, consisting in a one-fourth

interest of an urban property situated in Ponce. It was stated in the deed that the minor appeared solely for the purpose of accepting the gift in writing. As to the acceptance the following appears in the deed:

"ACCEPTANCE BY THE DONEE.—The donee, Carmen Hilda Piris Rodríguez, a party hereto, who, as stated above, is thirteen years of age and knows how to read and write perfectly well, after having read this deed and I, the notary, having informed her of all the legal consequences of this deed, HEREBY ACCEPTS the gift made in this public document for all legal purposes, and signs the present document in execution of its acceptance."

The registrar refused to record the document on the ground that the gift had not been legally accepted because in his opinion the minor should have been represented by a guardian *ad litem*.

We would agree with the registrar if the acceptance of any other contract were involved, for acceptance is a form of consent (§ 1214 of the Civil Code) and unemancipated minors cannot give consent. Section 1215 of the Civil Code. But since the present case deals with a purely gratuitous gift, §§ 567 and 568 of the Code, and not § 1215, are applicable. They provide:

"Section 567.—All persons who are not especially disqualified by law therefor may accept gifts.

"Section 568.—Persons who can not enter into contracts can not accept conditional gifts or those involving valuable considerations without the intervention of their legal representatives."

■■ We are not aware of any statute which expressly disqualifies an unemancipated minor to accept a purely gratuitous gift.[1] On the contrary, § 568 impliedly provides that minors who are not emancipated may accept gifts other than conditional or onerous gifts. And this is rational, because in

---

[1] These incapacities may be divided into incapacities properly speaking, and relative incapacities. The incapacities properly speaking, are those contained in § 676 of the Civil Code, read together with § 562 of the same Code. And relative incapacities are those contemplated by §§ 1286 and 1287 of said Code.

the acceptance of a purely gratuitous gift the minor does not assume any risk and consequently the appointment of a guardian *ad litem* is unnecessary. Manresa, *Comentarios al Código Civil Español,* vol. 5 (5th ed. 1932), p. 99; Sánchez Román, *Derecho Civil Español, Común y Foral,* vol. 4 (2d. ed. 1899), p. 704, 50th paragraph, and Castán, *Derecho Civil Español, Común y Foral,* vol. 3 (6th ed. 1944), p. 100.

Of course, as Castán says in the volume and page cited above, following Morell, the possibility of application must exist. That is, the minor must be sane, for if he is not, he can not appear before a notary to accept a gift, because as Manresa says ''it would be as if the acceptance were reduced to a proceeding as useless as it would be ridiculous, and certainly that is not the spirit prevailing in the Code with respect to this matter.'' Manresa, *op.* and p. cited. But this case involves a girl, thirteen years of age, who can read and write perfectly well, as the notary attested, and giving the statute a rational construction, we have no doubt that the appellant minor had, at the time the deed was executed, sufficient legal capacity to accept the gift by herself.

Since appellant was duly qualified to accept by public deed the gift which her father made to her, the registrar erred in refusing to record the document.

The note is reversed and the recordation ordered.

